ISAAC TOVEG  (SBN 269729)
2600 W. Olive Ave., 5th Floor
Burbank, CA 91505
Phone: 818-333-5202
Fax: 818-333-5203
Attorney for Plaintiffs Monica and Ifrain Araiza

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| MONICA ARAIZA AND IFRAIN ARAIZA | ) | Case No.:TO BE SUPPLIED BY THE CLERK OF THE US DISTRICT COURT |
| Plaintiffs, | ) | |
| vs. | ) | |
| UNITED STATES OF AMERICA and | ) | COMPLAINT/DEMAND FOR JURY TRIAL |
| DOES 1-10, | ) | |
| Defendants | ) | |

NATURE OF ACTION

1. Plaintiffs, Monica Araiza and Ifrain Araiza, file their Complaint("C") against

Defendants the UNITED STATES OF AMERICA and Does 1 to 10 Inclusive,

alleging Motor Vehicle Negligence and Wrongful Death.

2. Plaintiffs' daughter was a passenger on a vehicle that was traveling south on

PLAINTIFFS COMPLAINT / DEMAND FOR JURY TRIAL

State Route 1 Road approximately 0.5 miles south of Santa Rosa Road when a vehicle driven by Hanson, driving northbound on State Route 1, (who also was an employee of defendant Bureau of Prisons - FCI LOMPOC) was unable to safely merge into traffic and went over the median line and collided with Selena Josefina Araizas' vehicle resulting in her death.

THE PARTIES

3. Plaintiffs, Monica Araiza, and Ifrain Araiza ("Plaintiffs') were at all times relevant hereto were, residents of California. Further plaintiffs were the parents (mother and father of the decedent Selena J Araiza). Selena J Araiza, the decedent had no children and was not married at the time of the fatal collision.  Plaintiffs are the only heir of the decedent Selena J Araiza.

4. Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein defendants UNITED STATES OF AMERICA ("AMERICA") was the employer of Mr. Micheal Asunsion Hanson ("Hanson") on the day of this fatal collision. He was within the course and scope of his employment at the time he fatally crashed into the vehicle where Selena J. Araiza was a passenger in.

5. Hanson was employed by the Bureau of Prisons Western Regional Office FCI☐Lompoc ("FCI") which is United States of America.

6. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1to 10 Inclusive, and therefore sues these Defendants by such fictitious

names. Plaintiff will Amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and based thereon alleges that each of these fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiffs' daughter's death alleged were proximately caused by the aforementioned defendants.

7. Plaintiff is informed and believes and based thereon alleges that at all times material herein each fictitiously named defendant was either the true defendant or the agent and/ or employer of each other defendant and in doing the things alleged herein, was acting withing the scope and purpose of such agency and with the permission and consent of , and their action were ratified by other defendants.

JURISDICTION

8. Count I is a civil action by Plaintiffs for Motor Vehicle Negligence. This Court has supplemental jurisdiction pursuant to 28 U.S.C. Section 1367.

9. Count II is a civil action by Plaintiffs for Wrongful Death. This Court has supplemental jurisdiction pursuant to 28 U.S.C. Section 1367.

10. All administrative prerequisites have been met for maintaining this action and subject matter jurisdiction properly lies with this Court.

VENUE

11. Venue is proper pursuant to 31 U.S.C. Section 3732(a) because defendants can be found in, and transact business in the Central district of California.

PLAINTIEFS COMPLAINT / DEMAND FOR JURY TRIAL

FACT S

12. ON February 14, 2020, Plaintiffs' daughter was a passenger on a vehicle that was driven by Joseph Hernandez driving southbound with passenger Selena Josefina Araiza ("Selena") on State Route was traveling south on State Route 1 Road approximately 0.5 miles south of Santa Rosa Road.

13. A vehicle driven by Hanson, driving northbound on State Route 1, (who also was an employee of defendant Bureau of Prisons - FCI LOMPOC) was unable to safely merge into traffic and went over the median line and collided with Selena Josefina Araizas' vehicle resulting in her death. Hanson was negligent while driving his vehicle northbound on U.S 1, where he carelessly drove across the median line and collided with the vehicle driving on the southbound lanes and killing Ms. Araiza who was the passenger of the vehicle that was struck by Hanson vehicle. As a result of Hanson's negligently driving his vehicle into the oncoming southbound traffic on State Route 1, Hanson destroyed the relationship between the decedent Selena Araiza and the plaintiffs,and as legally, proximately, foreseeably and actually caused severe emotional damages, including the loss of society, companionship, emotional distress, economic and non economic damages according to proof at the time of trial.

PLAINTIEFS COMPLAINT / DEMAND FOR JURY TRIAL

14.. Plaintiffs were informed, believe, and therefore allege, that defendant (FCI-LOMPOC) employed Hanson, in which he was using his own vehicle in the scope and course of his employment. Hanson was using his vehicle for the benefit of FCI as he has used it in the past while he is employed at FCI.

15.  By reason of the foregoing defendant FCI-LOMPOC and does 1 to 10, and each of them are liable for, and Plaintiffs are entitled to recover of them, her general, special, actual and compensatory damages, including, but not limited to, her necessary medical and related expenses, past, present and future lost earnings, loss of future earning capacity, as well as mental, emotional and physical pain and suffering, as proven at time of trial. The total amount of Plaintiffs damages are presently unknown but is reasonably believed to be in excess of the minimum jurisdictional limit of this Court.

COUNT ONE :

(MOTOR VEHICLE NEGLIGENCE)

As a first, separate and alternative claim for relief, Plaintiff alleges:

16.. Plaintiff repeats, realleges paragraphs 1 thru 15 and incorporates by this reference as though set forth in full herein all prior allegations of this Complaint

17. The driver of the other vehicle Michael Asunsion Hanson was employed at FCI-LOMPOC  ("AMERICA"). And the plaintiffs are informed and believe that

he was in the course and scope of his employment while traveling North on State Route 1.

18.  Here Michael Asunsion Hanson ("Hanson") fully aware that Route 1 Northbound merges from two lanes to one lane, attempted to speed up and overtake another vehicle, just prior to the merging. That attempt was unsuccessful and he lost control of his vehicle and went to the Southbound lane, across the median lane and collided with the vehicle Selena Araiza was a passenger in and killing her within hours of the collision.  Hanson passed away within one month as a result of his vehicle colliding with Selena Ariza's vehicle. There was no barrier separating Northbound from Southbound lanes nor any other safety measure. There has been a substantial amount of auto collisions occurring in that vicinity.

19. At that time and place Hanson negligently operated or maintained the motor vehicle so that it collided with Decedent motor vehicle.

20. Hanson and Defendants and each of them owed a duty of care to Plaintiffs' and Selena.

21. Hanson and Defendants and each of them breached  the  duty that they owned to  Plaintiffs' and Selena.

22. Plaintiffs' and (Selena who died ) were harmed due to Hanson and Defendants' and each of them negligence.

PLAINTIFFS COMPLAINT / DEMAND FOR JURY TRIAL

23. Hanson and Defendants' and each of them negligence was a substantial factor in causing the death to Selena and the harm to the Plaintiffs.

24. Plaintiffs allege, that at said time and place at or near the subject location, Defendants America Employee Hanson committed wrongful acts which proximately caused the automobile collision that killed Ms. Araiza.

25. Defendant America is responsible for the acts of employees and agents including Hansen, under the theory of vicarious liability. Further, Defendants and each of them are vicariously liable for acts and omission of their employees, including Hanson, in the course and scope of their employment pursuant to the Government Code .

26. Plaintiffs suffered special damages and general damages which include but not limited to severe emotional distress, loss of comfort, loss of support, loss of companionship, solace, grief, mental suffering, Inconvenience as a result of Hanson and defendants and each of them conduct.

27. Hanson and defendants and each of them conduct was a substantial factor in causing Plaintiffs severe emotional distress, loss of comfort, loss of support, loss of companionship, solace, grief, mental suffering, Inconvenience and  economic and non economic damages according to proof at the time of trial.

28. Further, the automobile collision is a direct foreseeable and proximate result  to defendants and each one of them  as when they have one of their employee drive

his vehicle in the course and scope of his employment, it is foreseeable that he can be involved in an automobile collision which can result in a fatal crash as that is what happened in this suit.

29. As a direct, foreseeable, and proximate result of defendants and each of them, acts Plaintiffs suffered and continues to suffer severe emotional distress, loss of comfort, loss of support, loss of companionship, solace, grief, mental suffering, Inconvenience and  economic and non economic damages according to proof at the time of trial. The total amount of Plaintiff's damages is presently unknown but is reasonably believed to be in excess of the minimum jurisdictional limit of this Court.

COUNT TWO:

( WRONGFUL DEATH)

As a Second, separate and alternative claim for relief, Plaintiff alleges:

30.. Plaintiff repeats, realleges paragraphs 1 thru 29 and incorporates by this reference as though set forth in full herein all prior allegations of this Complaint.

 31. As a direct and proximate of each DEFENDANTS' actions or inactions, carelessness, recklessness, wantonness, and unlawfulness, PLAINTIFFS' daughter Selena suffered fatal injuries.

PLAINTIFFS COMPLAINT / DEMAND FOR JURY TRIAL

32. These were wrongful acts done in the course of employment which permits then the designated beneficiaries or issues of the decedent to recover damages as they are entitled for their own independent injury and loss.

33. As a further direct and proximate result of each DEFENDANTS actions or inactions, carelessness, recklessness, wantonness, and unlawfulness, PLAINTIFFS' has suffered economic damages, including but not limited to monetary contributions and financial support from PLAINTIFF, loss of gifts or benefits, household services, noneconomic damages, including but not limited to being deprived of the love, affection, solace, companionship, society, moral support, assistance, protection, training and guidance, consortium, services, comfort, care, counsel and advice of PLAINTIFFS' daughter, and any other damages as permitted by law which includes but not limited to government code.

34. Further, America is responsible for the acts of their employees and agents, including Hanson, under the theory of vicarious liability for acts and omissions of their employees undertaken in the course and scope of their employment pursuant to Government Code .

PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows

1. On all counts For an award of Plaintiffs Economic and Non-Economic which includes but not limited to being deprived of the love, affection, solace,

PLAINTIFFS COMPLAINT / DEMAND FOR JURY TRIAL

companionship, society, moral support, assistance, protection, training and guidance, consortium, services, comfort, care, counsel and advice of PLAINTIFFS' daughter, Emotional distress, grief, Inconvenience,  and any other damages as permitted by law which includes but not limited to government code , actual and compensatory damages as proven at time of trial, with interest thereon according to law;

2. For an award of the costs incurred by Plaintiffs in bringing and maintaining this action;

3. For such other and further relief which this Court deems just and proper.

REQUEST FOR JURY TRIAL

Plaintiffs hereby requests a trial by jury on all claims for relief alleged in, and on all issues raised by, this Complaint.

 October 11, 2022                          By: Law Office of Isaac Toveg PLC

                                             /S/ ISAAC TOVEG

                                             Isaac Toveg,

                                             Attorney for Plaintiffs

                                             Monica and Ifrain Araiza

PLAINTIFFS COMPLAINT / DEMAND FOR JURY TRIAL